UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO.:

FILED

2013 NOV -1  PM 12:56

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

CHRISTINA RUDLAND, individually,
and SETH BISHOP, individually,

         Plaintiffs,

vs.

2:13-cv-779-FtM-38UAM

DMS HOSPITALITY LLC, a Florida
limited liability company, MATTHEW HANSON,
individually and DARRELL HANSON, individually,

         Defendant,    /

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, CHRISTINA RUDLAND and SETH BISHOP ("Plaintiffs"), by and through undersigned counsel, sues Defendants, DMS HOSPITALITY LLC ("DMS"), a Florida Limited Liability Company, MATT HANSON and DARREL HANSON (collectively hereinafter, "Defendants") and alleges as follows:

### INTRODUCTION

1. This is an action brought on pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA") to recover unpaid minimum wages, unpaid overtime compensation, misappropriated tips, liquidated damages, and attorney fees and cost owed to Plaintiffs.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal claim pursuant to 28 U.S.C § 216 and 28 U.S.C § 1331. This Court has jurisdiction over the state claims pursuant to 28 U.S.C § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C § 1331 (b), as the events or omissions giving rise to the claim alleged herein occurred in the Middle District of Florida, Fort Myers Division.

### PARTIES

4. Plaintiff, Christina Rudland, was and is a resident of the Middle District of Florida,

Fort Myers Division. Plaintiff worked for Defendants in the Middle District of Florida, Fort Myers Division. Plaintiff worked for Defendants for the better part of approximately the past (7) years as a server compensated on an hourly rate plus tips basis, and performed related activities for Defendants. Plaintiff's primary job duties include serving food and drinks to Defendant's patrons.

5. Plaintiff, Seth Bishop, was and is a resident of the Middle District of Florida, Fort Myers Division. Plaintiff worked for Defendants in the Middle District of Florida, Fort Myers Division. Plaintiff worked for Defendants for the better part of approximately the past (3.5) years as a server compensated on an hourly rate plus tips basis, and performed related activities for Defendants. Plaintiff's primary job duties include serving food and drinks to Defendant's patrons.

6. Defendant, DMS is a Florida profit corporation conducting business in the Middle District of Florida, Fort Myers Division and subject to the requirements of the FLSA. Upon information and belief, Defendant DMS is an enterprise, engaged in commerce or in the production of goods for commerce, in interstate commerce, and with an annual gross income sale not less than $500,000.00.

7. Defendant, Matt Hanson was and is an individual who owned and operated DMS, and who regularly exercised authority with respect to Defendant DMS' finances and operations. By virtue of having regularly exercised that authority on behalf of DMS, Defendant Matt Hanson is an employer as defined by 29 U.S.C § 201, et seq.

8. Defendant, Darrell Hanson was and is an individual who owned and operated DMS, and who regularly exercised authority with respect to Defendant DMS' finances and operations. By virtue of having regularly exercised that authority on behalf of DMS, Defendant Darrell Hanson is an employer as defined by 29 U.S.C § 201, et seq.

9. At all times material, Plaintiffs was an employee of Defendants pursuant to 29 U.S.C § 203(e)(1); Defendants were the employer of Plaintiffs within the meaning of U.S.C § 203(a) and (d); and Defendant employed Plaintiff within the meaning of U.S.C § 203(g).

## GENERAL ALLEGATIONS

10. Plaintiff, Christina Rudland, has been employed by Defendants as a server since approximately 2007. Defendants compensate Plaintiff on an hourly rate plus tips basis.

11. Plaintiff, Seth Bishop, has been employed by Defendants as a server since approximately 2010. Defendants compensate Plaintiff on an hourly rate plus tips basis.

12. During the Plaintiffs employment with the Defendants, Defendants has a policy and practice of requiring servers, such as Plaintiffs, to share tips received with management employees and had a policy and practice of not permitting servers, such as Plaintiffs, to retain all of their earned tips. Specifically, Defendants required Plaintiffs to provide management

employees tips equivalent to 1% of Plaintiff's total sales at the conclusion of Plaintiff's shift. As such, Defendant impermissibly forced Plaintiff to pool or share tips, as the tip pooling or tip sharing arrangement was not valid because Plaintiff was forced to pool or share tips with management employees who do not customarily receive tips.

13. Due to the facts set forth in 12 above, Defendants could not use a tip credit against minimum wages due Plaintiffs, but did so anyways and routinely.

14. Therefore, for one or more weeks working for Defendants, Plaintiffs received compensation from Defendant for hours worked at a rate below minimum wage.

15. Further, Plaintiffs have worked over forty hours (40) in one or more weeks while employed by Defendants. Consistent with above, as Defendant falsely compensated Plaintiffs at an improper rate below minimum wage, Plaintiffs has not been paid properly at time and a half for overtime hours worked either (i.e., Plaintiffs received payment of time and a half at the wrongfully reduced hourly rate). Despite working more than forty (40) hours in a workweek, Plaintiffs did not receive overtime payments at a less than one and one-half (1 and 1 ½) times their proper rate for such overtime hours.

16. On one or more occasions Plaintiff(s) worked over forty (40) hours in a week while employed by Defendant(s) and was not paid at one and half times of any hourly rate.

17. Further, by forcing Plaintiffs to pool or share tips with the management employees who do not customarily received tips, and by requiring that Plaintiffs provide management employees their hard earned tips equivalent to 1% of Plaintiffs sales, Defendants misappropriated Plaintiffs tips.

18. Upon information and belief, the records to the extent any exist, concerning the number of hours worked and amounts to be paid to Plaintiffs are in the possession and custody of the Defendants.

## COUNT 1
## (FLSA/ALL DEFENDANTS)

19. Plaintiff hereby incorporate by reference the allegations contained within paragraphs 1 through 16.

20. Defendant employed Plaintiff, Christina Rudland from approximately February 2007 to May 2013.

21. Defendant employed Plaintiff, Seth Bishop from approximately February 2010 to August 2013.

22. Defendants' failure to provide Plaintiffs overtime compensation at a rate not less than one and one-half (1 and 1/2) times their regular rate for hours worked over forty (40) in a workweek constitutes a violation of the FLSA.

23. Defendants' failure to provide Plaintiffs compensation at least commensurate with the federal minimum wage constitutes a violation of the FLSA.

24. Defendants' misappropriation of Plaintiff's tips also constitutes a violation of FLSA.

25. Defendants' failure of the FLSA was knowing and willfull.

Wherefore, Plaintiffs respectfully request that this Court:
a) Accept jurisdiction over this action;
b) Award damages for the amount of unpaid overtime Compensation owed to Plaintiffs, for the amount required to provide Plaintiffs minimum wage for all hours worked, and for the amount of misappropriated tips;
c) Award liquidated damages, pursuant to 29 U.S.C § 215(b), in an amount equal to the overtime compensation, the minimum wage compensation, and the misappropriated tips owed to Plaintiffs;
d) Award post-judgment interest, reasonable attorney's fee and cost pursuant to 29 U.S.C § 216(b); and
e) Award all other relief as the Court deems just and proper.

## COUNT II
## (FLORIDA CONSITUTIONAL/ALL DEFENDANTS)

26. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 2 Through 14 above as if fully restated herein.

27. Plaintiffs were entitled to be paid Florida minimum wage for each hour worked during their employment with Defendants.

28. As a result of Defendants' actions (as set forth above), Plaintiffs has not been paid minimum wage for each hour worked during one or more weeks of employment with Defendants.

29. Defendant willfully failed to pay Plaintiffs minimum wage for one or more weeks of work contrary to Article X, Section 24 of the Florida Constitution.

30. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiffs have been damage in the loss of minimum wages for one or more weeks of work with Defendant.

WHEREFORE, Plaintiffs respectfully request that this Court:
a) Accept jurisdiction over this action;
b) Award damages for the amount required to provide Plaintiffs minimum wage for all hours worked;

c) Award liquidated damages in an amount equal to the minimum wage compensation owed to Plaintiff;

       d)   Award post-judgment interest, reasonable attorneys' fees and cost; and

       e)   Award all other relief as the Court deems just and proper.

## COUNT III
## (UNJUST ENRICHMENT/DMS)

31. Plaintiff's employment, Plaintiff's conferred a benefit upon Defendant, to wit, Plaintiff's provided Defendant a portion of Plaintiff's tips.

32. Defendant appreciated, accepted, and retained the benefit under circumstances that will make it inequitable for Defendant to retain the benefit without paying Plaintiff the value of the benefit. Defendant retained Plaintiff's tips pursuant to an unlawful policy which violated state and federal minimum wage laws. Defendant also has no right to take and retain Plaintiff's tips, which were the sole property of Plaintiffs.

WHEREFORE, Plaintiffs demand judgment for damages against Defendant DMS, attorneys' fees and costs, and such further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs do hereby demand a Jury Trial on all issues and claims so triable.

Dated: September 30, 2013.

THE DORAGH LAW FIRM, P.L.
1705 Colonial Boulevard, Suite B-4
Fort Myers, Florida 33907
Telephone: (239) 425-3644
Facsimile: (239) 425-3648
E-Mail: dlflegalservice@gmail.com

By: _____
PETE DORAGH
Florida Bar Number 0434914