UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHRISTINA RUDLAND and SETH
BISHOP, individually

      Plaintiffs,

v.                              Case No:   2:13-cv-779-FtM-38CM

DMS HOSPITALITY LLC,
MATTHEW HANSON and
DARRELL HANSON,

      Defendants.

_____

## ORDER

Before the Court is the parties' Joint Motion for Approval of Settlement and Dismissal of the Action with Prejudice (Doc. 65, "Motion") filed on March 11, 2015. The parties state that they have reached a settlement agreement and seek approval of the agreement and dismissal of the case with prejudice. Doc. 65. For the reasons that follow, the Motion will be denied without prejudice.

Plaintiffs sought compensation pursuant to the Fair Labor Standards Act ("FLSA") for claimed unpaid overtime for occasions when they worked over forty (40) hours per week; compensation at least commensurate with the federal minimum wage requirements; and the amount in tips they believed to be misappropriated by Defendants. Doc. 1 at 3-4.

During the mediation, both Plaintiffs and Defendants evaluated the risks of taking this matter to trial and "all Parties felt that the agreed upon amounts represented a fair settlement." Doc. 65 at 4. The parties agreed to settle this matter

for a total of $18,000 inclusive of attorneys' fees and costs. Doc. 65-1 at 1. The $18,000 represents $3,631.66 to Plaintiff Ruland; $7,263.32 to Plaintiff Bishop; $1,238.50 for Plaintiffs' Counsel's Costs; $5,866.53 for Plaintiffs' Counsel's Fees. Doc. 65 at 5.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b), when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

As to the amount paid to Plaintiffs' counsel, pursuant to *Bonetti v. Embarq Management Company*:

> [T]he best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

715 F.Supp.2d 1222, 1228 (M.D. Fla. 2009). Although the Court must consider the reasonableness of any award of attorney's fees, it is not required to conduct an in-depth analysis of the award unless it is unreasonable on its face. *Bodnar v. Gourmet Hut, Inc.*, No. 3:13-cv-709-J-34JRK, 2014 WL 757981, at *3 n.4 (M.D. Fla. Feb. 26, 2014) (order adopting report and recommendation). Here, unlike other FLSA settlements, the parties do not represent, nor does the Settlement Agreement state, that Plaintiffs' attorney's fees were negotiated separately. Thus, the Court cannot determine whether the amount of attorney's fees has influenced the amount that Plaintiffs are to receive under the terms of the settlement. *Bonetti*, 715 F.Supp.2d at 1228. Nor, then, can the Court conclude that the fee is reasonable.

Thus, the Court, having reviewed the terms of the settlement as set forth in the Motion, lacks sufficient information, detailed herein, to conclude that that the terms of the settlement are a fair and reasonable resolution of a bona fide dispute under the FLSA with respect to the amount of attorney's fees, as the parties do not represent that Plaintiffs' counsel's fees were negotiated separately and without regard to the amount to be paid to each plaintiff.

ACCORDINGLY, it is hereby

**ORDERED:**

Joint Motion for Approval of Settlement and Dismissal of the Action with Prejudice (Doc. 65) is **DENIED without prejudice**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 25th day of March, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record