UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CHRISTINA RUDLAND, individually,
and SETH BISHOP, individually,

Plaintiffs,

CASE NO.: 2:13-CV-779-FtM-38CM

DMS HOSPITALITY LLC, a Florida
limited liability company, MATTHEW HANSON,
individually and DARRELL HANSON, individually,

Defendants.
_____/

**REVISED
JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL OF
THE ACTION *WITH PREJUDICE***

Plaintiffs CHRISTINA RUDLAND and SETH BISHOP and Defendants DMS HOSPITALITY LLC, MATTHEW HANSON, and DARRELL HANSON (collectively the "Parties"), joined by their undersigned counsel, request this Court approve the Parties' settlement of the above captioned matter, and, upon Court approval of the terms, dismiss the entire action *with prejudice*. As Plaintiffs' action and claims arise under the Fair Labor Standards Act ("FLSA"), the Parties' settlement must be approved by this Court. In support of this Motion, the Parties state as follows:

**STATEMENT OF FACTS**

1.   On September 30, 2013, Plaintiffs filed their Complaint seeking relief pursuant to the FLSA, alleging Defendants failed to pay Plaintiffs proper overtime

compensation, failed to provide Plaintiffs compensation commensurate with the federal minimum wage, and that Defendants misappropriated Plaintiffs' tips by forcing Plaintiffs to share or pool tips with management employees. (Dkt. 1).

2. Plaintiffs' core claim brought by Plaintiffs was the misappropriated tips claim.

3. On or about December 31, 2013, Defendants filed their Answer and Affirmative Defenses, denying Plaintiffs' allegations and arguing Defendants properly compensated Plaintiffs throughout their employment as servers at Defendants' restaurant. (Dkt. 12).

4. On or about January 29, 2014, pursuant to the Court's FLSA Scheduling Order (Dkt. 14), Defendants produced compilations of all time and payroll records in Defendants' possession, custody, or control that pertained to work performed by Plaintiffs during the relevant time period. (Dkt. 17).

5. Discovery has been concluded and is materially complete.

6. On March 2, 2015, the Parties attended mediation pursuant to the Court's Amended Case Management and Scheduling Order (Dkt. 60).

7. At the March 2, 2015, mediation, the Parties reached a settlement wherein Plaintiffs agreed to settle their claims for unpaid wages, liquidated damages, and attorney fees for a total sum of $18,000.00 from Defendants.

8. The Parties memorialized the terms of their agreement in a written Settlement Agreement ("Agreement") attached hereto as "**Exhibit A**."

9. The Parties agree the settlement is both fair and reasonable under the circumstances and now seek court approval of the same.

10. In particular, the Parties agree that the settlement fully compensates each Plaintiff for the entire amount of the tips they allege were misappropriated, plus a further amount which is required to assure Plaintiffs are fully paid in compliance with FLSA.

## MEMORANDUM OF LAW

Pursuant to the terms of their Agreement, the Parties seek approval of the settlement reached between them. The case law regarding settlement of FLSA claims sets out two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA permits employees to settle and waive a compromise of their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. §216(c); *Lynn's Food stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982).

Additionally, where claims under the FLSA are compromised, they can be settled and released by an employee upon court approval in the context of a lawsuit brought by the employee. In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee

>FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

### *Compensation to be Paid to Plaintiffs*

In determining whether the settlement is fair and reasonable the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and, (6) the opinions of the counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.,* 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). A strong presumption exists to find a settlement fair and reasonable. *See Hamilton v. Frito-Lay, Inc.,* No. 6:05-cv-592-Orl-22JGG, 2007 WL 219981, *2 (M.D. Fla. Jan. 26, 2007).

In this case, Plaintiffs sought unpaid wages arguing that on several occasions they worked more than forty (40) hours per week at the Defendants' restaurant but that Defendants did not pay them overtime compensation that was due. Plaintiffs also sought to recover an amount that would provide Plaintiffs compensation commensurate to the minimum wage for all hours worked. Finally, Plaintiffs also sought to recover the amount of tips Defendants allegedly misappropriated. Defendants, on the other hand, contended Plaintiffs were paid for all reported working hours and that no improper tip-pooling occurred. Plaintiffs have retained and been able to produce as relatively small

portion of the time records and pay stubs. Accordingly, Plaintiffs' assertions regarding overtime in particular, will rely almost entirely upon Plaintiffs' testimony.

Given the risks for Plaintiffs (e.g. collecting nothing should a jury find Defendants' witnesses and records more credible than Plaintiffs' testimony and evidence as to hours worked and the possibility of being responsible for Defendants' costs should Plaintiffs not prevail) and the risks for Defendants (e.g. ongoing attorneys' fees and financial exposure should Plaintiffs prevail on all their claims), all Parties reasonably believe that the agreed upon amounts represented a fair and proper settlement.

The Parties believe there is no need to incur additional attorneys' fees and costs or to expend additional judicial resources necessary to litigate this case through trial. Thus, this settlement was achieved and is in accord with the goal of a "just, expeditious, and inexpensive determination of all proceedings." *See* M.D. Fla. Local R. 1.01(b).

In this instance, there is no evidence of fraud or collusion, and counsel for the Parties and the Parties' themselves believe the amount of Plaintiffs' recovery is fair given the circumstances of this case. Ultimately, all the factors the Court should consider lead to the conclusion that the settlement is fair and reasonable.

### *Attorneys' Fees and Costs*

Regarding attorneys' fees and costs to be paid in this matter, the Parties agreed the settlement amount is inclusive of such fees and costs. In fact, the Agreement provides that Plaintiffs themselves will allocate the settlement proceeds "between Plaintiff Rudland, Plaintiff Bishop, and payment of costs and fees . . . provided that said allocation

must bear a reasonable relationship to the relative monetary value of the claim of the two Plaintiffs." (Agreement p.1,¶4.). The Plaintiffs have agreed to the following allocation of funds:

| | |
|---|---|
| **Plaintiff Rudland -** | $3,631.66; |
| **Plaintiff Bishop -** | $7,263.32; |
| **Plaintiffs' Counsel's Costs -** | $1,238.50; |
| **Plaintiffs' Counsel's Fees -** | $5,866.53. |

There is no issue with the amount being paid to the Plaintiffs having been "tainted" by the amount being paid to their attorney as the Plaintiffs independently assessed Plaintiffs' recovery and the fee to Plaintiffs' counsel, and Plaintiffs agree they have been fully and fairly compensated by this settlement under FLSA. *See Bonnetti v. Embarg Mgmt. Co.,* 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) ("If [plaintiff's recovery and the fee to plaintiff's counsel] are addressed independently and seriatim, there is no reason to assume that the lawyers fee has influenced the reasonableness of the plaintiff's settlement."). Further, the Parties stipulate that the amount being paid to Plaintiffs' counsel is reasonable in light of the work invested in this matter.

## CONCLUSION

WHEREFORE, the Parties respectfully request this Honorable Court grant their Joint Motion for Settlement Approval and dismiss this action with prejudice.

Respectfully submitted this ___ day of April, 2015.

| | |
|---|---|
| BOND, SCHOENECK & KING, PLLC<br>Attorneys for Defendants | THE DORAGH LAW FIRM, P.L.<br>Attorneys for Plaintiffs |
| By: /s/ Eric J. Vasquez<br>Eric J. Vasquez, Esquire<br>Florida Bar 999164<br>Northern Trust Building, Suite 250<br>4001 Tamiami Trail North<br>Naples, Florida 34103-3555<br>Telephone: (239) 659-3800<br>Facsimile: (239) 659-3812<br>evasquez@bsk.com<br>knettles@bsk.com<br>eservicefl@bsk.com | By: /s/ Pete Doragh<br>Pete D. Doragh, Esquire<br>Florida Bar 434914<br>12734 Kenwood Lane, Suite 15<br>Fort Myers, FL 33907<br>Telephone: (239) 425-3644<br>Facsimile: (239) 425-3648<br>Pete.Doragh@doraghlawfirm.com<br>dlflegalservice@gmail.com |

DMS Hospitality LLC

By: _____
President

By: /s/ signature
Christina Rudland

By: _____
Darrell Hanson

By: _____
Seth Bishop

By: _____
Matthew Hanson

359524.4

| | |
|---|---|
| BOND, SCHOENECK & KING, PLLC<br>Attorneys for Defendants | THE DORAGH LAW FIRM, P.L.<br>Attorneys for Plaintiffs |
| By: /s/ Eric J. Vasquez<br>Eric J. Vasquez, Esquire<br>Florida Bar 999164<br>Northern Trust Building, Suite 250<br>4001 Tamiami Trail North<br>Naples, Florida 34103-3555<br>Telephone: (239) 659-3800<br>Facsimile: (239) 659-3812<br>evasquez@bsk.com<br>knettles@bsk.com<br>eservicefl@bsk.com | By:_____<br>Pete D. Doragh, Esquire<br>Florida Bar 434914<br>12734 Kenwood Lane, Suite 15<br>Fort Myers, FL 33907<br>Telephone: (239) 425-3644<br>Facsimile: (239) 425-3648<br>Pete.Doragh@doraghlawfirm.com<br>dlflegalservice@gmail.com |

DMS Hospitality LLC

| | |
|---|---|
| By:_____<br>President | By:_____<br>Christina Rudland |
| By:_____<br>Darrell Hanson | By: /s/ Seth Bishop<br>Seth Bishop |
| By:_____<br>Matthew Hanson | |

| | |
|---|---|
| BOND, SCHOENECK & KING, PLLC<br>Attorneys for Defendants | THE DORAGH LAW FIRM, P.L.<br>Attorneys for Plaintiffs |
| By: /s/ Eric J. Vasquez<br>Eric J. Vasquez, Esquire<br>Florida Bar 999164<br>Northern Trust Building, Suite 250<br>4001 Tamiami Trail North<br>Naples, Florida 34103-3555<br>Telephone: (239) 659-3800<br>Facsimile: (239) 659-3812<br>evasquez@bsk.com<br>knettles@bsk.com<br>eservicefl@bsk.com | By:_____<br>Pete D. Doragh, Esquire<br>Florida Bar 434914<br>12734 Kenwood Lane, Suite 15<br>Fort Myers, FL 33907<br>Telephone: (239) 425-3644<br>Facsimile: (239) 425-3648<br>Pete.Doragh@doraghlawfirm.com<br>dlflegalservice@gmail.com |

DMS Hospitality LLC

By: _[signature]_
President

By: _[signature]_
Darrell Hanson

By: _[signature]_
Matthew Hanson

By:_____
Christina Rudland

By:_____
Seth Bishop