## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

CHRISTINA RUDLAND and SETH
BISHOP, individually

        Plaintiffs,

v.                                 Case No:  2:13-cv-779-FtM-38CM

DMS HOSPITALITY LLC,
MATTHEW HANSON and
DARRELL HANSON,

        Defendants.

---

## REPORT AND RECOMMENDATION[1]

Before the Court is the parties' Revised[2] Joint Motion for Approval of Settlement and Dismissal of the Action with Prejudice (Doc. 67), filed on April 13, 2015. The parties included the settlement agreement with the filing.  Doc. 67-1. Plaintiffs, Christina Rudland and Seth Bishop, request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim. For the reasons set forth herein, the Court recommends that the settlement be **APPROVED**.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

[2] The Court denied without prejudice the parties' first Joint Motion for Approval of Settlement and Dismissal of the Action with Prejudice (Doc. 65) because there was no indication whether the amount of attorneys' fees were negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery.  Doc. 66.

pursuant to the Fair Labor Standards Act. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiffs worked for the Defendants as servers. Docs. 1 at ¶ 4-5. Plaintiffs sought damages for unpaid overtime compensation, an amount required to provide Plaintiffs' minimum wage for all hours worked and an amount for misappropriated tips. Doc. 1 at 4. Plaintiff Rudland originally calculated the

amount owed to her as at least $25,000.00.   Doc. 33 at 2.   Plaintiff Bishop calculated the amount owed to him as $17,066.57.   Doc. 34 at 2.   As a reasonable compromise of the disputed issues, the Defendants have agreed to pay to Plaintiff Rudland the sum of $3,631.66 for unpaid wages and liquidated damages and to Plaintiff Bishop the sum of $7,263.32 for unpaid wages and liquidated damages.   Doc. 67 at 6.

Plaintiffs agreed to accept an amount less than the original amount claimed because Plaintiffs retained only a limited portion of the time records and pay stubs. Doc. 67 at 4-5.   Thus Plaintiffs' assertions regarding the amount owed would rely almost entirely on Plaintiffs' testimony.   Doc. 67 at 5.   Additionally, given the risks associated with going to trial, the parties decided to settle this matter.   *Id.* Plaintiffs recognized the possibility of collecting nothing should the jury find Defendants' witnesses and evidence more credible.   *Id.*   Defendants also recognized the financial exposure and ongoing attorneys' fees and costs that could be awarded should the Plaintiffs prevail on their claims.   *Id.*

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute.   Other courts in this district similarly have approved settlements of half or less of the amount claimed in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation, as the parties have recognized here.   *See e.g., Diaz v. Mattress One, Inc.,* 2011 WL 3167248, at *1 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.,* 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, the Defendants further agree to pay Plaintiffs' attorneys' fees in the amount of $5,866.53 and costs in the amount of $1,238.50. *Id.* The parties assert that the amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of Plaintiffs' recovery. *Id.* Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs. Doc. 67. Thus, having reviewed the settlement documentation (Doc. 67-1), the Court concludes that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1. The Revised Joint Motion for Approval of Settlement and Dismissal of the Action with Prejudice (Doc. 67) be **GRANTED**, and the Settlement Agreement (Doc. 67-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2.      The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 24th day of April, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record